IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Larry Gene Martin, Sr., | No. 98-02151-PHX-EHC |
| Plaintiff, | **ORDER** |
| vs. | |
| Mel Thomas, et al., | |
| Defendant. | |

This matter arises following a partial remand by the Ninth Circuit Court of Appeals. (Dkt. 59). The Ninth Circuit determined that Petitioner had presented a colorable claim of ineffective assistance of counsel ("IAC") with respect to representations made to him by his trial counsel concerning the State's plea offer and his sentencing exposure. The case was remanded for an evidentiary hearing to provide Petitioner with "an opportunity to prove how his trial counsel erroneously advised him and to show a 'reasonable probability' that he would have accepted the plea offer" rather than proceed to trial. (Dkt. 59). In lieu of an evidentiary hearing, the parties stipulated that Petitioner would submit an affidavit outlining his position. (Dkts. 64, 65). The issues being fully-briefed by the parties, and Petitioner's affidavit having been received, the Court now makes its findings.

The facts leading to Petitioner's IAC claim are discussed in the Ninth Circuit's opinion and only the pertinent facts are repeated herein. (Dkt. 59). Plaintiff was arrested and charged in connection with the robbery of a restaurant. Prior to trial, Petitioner's attorney

1  advised him that his maximum sentencing exposure was twenty-one (21) years for the
2  robbery if he went to trial. The State made Petitioner a plea offer of 7.5 to 15 years, which
3  he rejected. Petitioner was convicted at trial and received a sentence of forty-two (42) years
4  in prison, twice the sentence he was informed he could receive. Petitioner claims that the
5  failure of his counsel to advise him of his true sentencing exposure constitutes IAC.

6  Respondent agrees that the failure of Petitioner's trial counsel to conduct independent
7  research on Petitioner's sentence exposure if convicted after trial establishes the first prong
8  of the Strickland inquiry. (Dkt. 68); see Strickland v. Washington, 466 U.S. 668, 688 (1984);
9  Nunes v. Mueller, 350 F.3d 1045, 1052 (9th Cir. 2003), cert. denied, 543 U.S. 1038, 125
10 S.Ct. 808 (2004). Thus, the only remaining question before the Court is whether trial
11 counsel's deficient performance prejudiced Petitioner. In his affidavit, Petitioner states:
12 "Had my attorney told me that I was facing a possible prison sentence of 42 years if
13 convicted after trial, I certainly would have accepted the plea offer described in the letter
14 from the prosecutor, rather than run the risk of proceeding to trial." (Dkt. 69). In light of the
15 entire record and Petitioner's affidavit, the Court finds that Petitioner has demonstrated a
16 "reasonable probability" that he would have accepted the plea offer had he been properly
17 advised of his true sentence exposure. See Nunes, 350 F.3d at 1054. Thus, Petitioner has
18 demonstrated both (1) deficient performance of counsel, and (2) prejudice, as required under
19 Strickland. Petitioner's writ of habeas corpus pursuant to 28 U.S.C. § 2254 must, therefore,
20 be granted.

21 The proper remedy for IAC is to place Petitioner back in the position he was in when
22 the ineffective assistance occurred. See Nunes, 350 F.3d at 1057. Here, the ineffective
23 assistance occurred before trial, and the constitutional violation would justify Petitioner's
24 release from custody. Nunes, 350 F.3d at 1057. Nonetheless, if the State puts Petitioner in
25 the same position he would have been in had he received effective counsel, the constitutional
26 error would be cured. Nunes, 350 F.3d at 1057. Thus, the State of Arizona is ordered to
27 release Petitioner from custody within one-hundred and twenty (120) days unless it offers
28 him the same material terms that were contained in its original plea offer. See Nunes, 350

F.3d at 1057; <u>see</u> <u>also</u> <u>Hoffman v. Arave</u>, 455 F.3d 926, 943 (9th Cir. 2006), <u>rehearing denied</u>, 481 F.3d 686 (9th Cir. 2007).

Accordingly,

**IT IS ORDERED:**

(1) Petitioner's writ of habeas corpus (Dkt. 1) is **granted**.

(2) Petitioner's judgment of conviction is **vacated**.

(3) Petitioner is to be released from custody within one-hundred and twenty (120) days of the date of this order unless the State of Arizona offers Petitioner the same material terms that were contained in its original plea offer.

DATED this 31st day of July, 2007.

_____
Earl H. Carroll
United States District Judge